# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| ROBIN CRIBB ALDANA, Individually and as Personal Representative for the Estate of DOLLY LUCILLE CRIBB, <br><br> Plaintiff, <br><br> v. <br><br> R.J. REYNOLDS TOBACCO COMPANY, a foreign corporation, PHILIP MORRIS U.S.A., a foreign corporation, <br><br> Defendants. | Civil Action No.: _____ |

## DEFENDANT'S NOTICE OF REMOVAL

YOU ARE HEREBY NOTIFIED that Defendant, R.J. Reynolds Tobacco Company ("Reynolds"), pursuant to 28 U.S.C §§ 1332, 1441 and 1446, and with full reservation of defenses, hereby removes this cause from the Georgetown County Court of Common Pleas, to the United States District Court for the District of South Carolina, Charleston Division. In support of removal, Reynolds states:

1. The Complaint was filed October 12, 2006, in the Georgetown County Court of Common Pleas and assigned case no. 06-CP-22-1119. Plaintiff claims the decedent suffered "great bodily injury, to wit: lung cancer, emphysema, irreversible and reversible small and large airway obstruction, permanent cellular damage, genetic changes in lung and airway cells, cardiovascular injuries, and other injuries, which ultimately resulted in her death." Compl. ¶ 17.

2. The case was commenced as to R.J. Reynolds Tobacco Company, the removing party, on October 30, 2006, by service of the Summons and Complaint.

3. <u>Basis for Jurisdiction in this Court</u>. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1441. This action could have been filed originally in this Court pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. <u>Diversity</u>. There is the requisite complete diversity of citizenship between the Plaintiff and all of the Defendants. 28 U.S.C. § 1332.

   a. <u>Citizenship of Plaintiff</u>. Upon information and belief, Plaintiff is, and at the time this suit was filed was, a resident and citizen of the State of South Carolina. *See* Compl. at ¶ 1 ("Plaintiff, Robin Cribb Aldana . . . is currently a citizen and resident of Georgetown County, South Carolina, and was so at all times and periods relevant herein."). Upon information and belief, the decedent was a resident and citizen of the State of South Carolina. *See* Compl. at ¶ 4. Thus, Plaintiff and decedent are considered South Carolina citizens for purposes of federal diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(2).

   b. <u>Citizenship of Defendant R.J. Reynolds Tobacco Company</u>. Defendant R.J. Reynolds Tobacco Company is, and at the time of the filing of this action was, a corporation existing under the laws of the State of North Carolina, having its principal place of business in the State of North Carolina. R.J. Reynolds Tobacco Company is therefore a citizen of the State of North Carolina for purposes of federal diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

   c. <u>Citizenship of Defendant Philip Morris USA</u>. Upon information and belief, Defendant Philip Morris USA is, and at the time of the filing of this action was, a corporation existing under the laws of the State of Virginia, having its principal place of business

in the State of Virginia. Philip Morris USA is therefore a citizen of the State of Virginia for purposes of federal diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

        d.      Accordingly, because Plaintiff is a citizen of South Carolina, and none of the Defendants are South Carolina citizens, this is a civil action between citizens of different states and complete diversity exists pursuant to 28 U.S.C. § 1332(a).

        5.      <u>Amount in Controversy</u>. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. When the jurisdictional amount is not alleged, it can nevertheless be ascertained where, as here, it is "facially apparent" from the complaint and evidenced by damage awards in cases alleging similar claims and injuries. *See Williams v. Best Buy Co.*, 269 F.3d 1316 (11th Cir. 2001) (holding that a district court may consider whether the jurisdictional amount is "facially apparent" from the complaint); *DeAguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (where the complaint contains no specification of damages, the Court will consider the allegations in the notice of removal).

        a.      In the instant case, it is facially apparent from the Complaint that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. Plaintiff seeks unlimited compensatory damages for the injuries enumerated in ¶ 17 of her Complaint, including "lung cancer, emphysema, irreversible and reversible small and large airway obstruction, permanent cellular damage, genetic changes in lung and airway cells, cardiovascular injuries, and other injuries, which ultimately resulted in her death." Compl. ¶ 17. Damages considerably less severe than this have been found to satisfy the statutory or jurisdictional threshold. *See, e.g., Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883-84 (5th Cir. 2000) (ruling in a slip and fall case that alleged damages for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of

wages and earning capacity, and permanent disability and disfigurement" met the jurisdictional threshold); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (finding that allegations of damage to property, travel expenses, emergency ambulance trip, six-day hospitalization, pain and suffering, humiliation and an inability to do housework met jurisdictional amount); *Baker v. Firestone Tire & Rubber Co.*, 537 F. Supp. 244 (S.D. Fla. 1982) (holding that complaint, which did not allege more than state jurisdictional amount in controversy but alleged permanent and serious injuries, loss of wages, loss of earning capacity, loss of capacity for the enjoyment of life and great expenses for future medical treatment, was removable on its face).

   b. Furthermore, the fact that the amount in controversy far exceeds the jurisdictional minimum is evidenced by jury awards substantially greater than $75,000.00 in cases alleging similar claims and injuries. *See, e.g.*, *Eastman v. Brown and Williamson Tobacco Corp.*, 97-5966-CI-11 (Circuit Court in and for Pinellas County, Florida, 2003) (jury award in excess of $3,200,000) (attached as Exhibit 1).

   6. <u>Consent</u>. The only other Defendant, Philip Morris USA. has consented to this removal. *See* Consent of Philip Morris USA (attached as Exhibit 2).

   7. <u>Notice Given</u>. Pursuant to 28 U.S.C. § 1446(d), Reynolds is filing this Notice of Removal with the clerk in the state circuit court in which the action is currently pending.

   8. <u>Removal is Timely</u>. Plaintiff filed her Complaint on October 12, 2006. Reynolds was served with Plaintiff's Complaint on October 30, 2006, and no other Defendant was served prior to that date. Accordingly, this Notice of Removal is timely filed within thirty days after the date of receipt of summons and a copy of the initial pleading setting forth the claim

for relief upon which this action is based. *See* 28 U.S.C. § 1446(b); *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty-day time period under removal statute begins to run from the date of formal service).

9.  Pleadings and Process. As required by 28 U.S.C. § 1446(a), Reynolds has attached copies of all state court process and pleadings to this Notice of Removal as Exhibit 3.

10. Venue. The United States District Court for the District of South Carolina, Charleston Division, embraces the county in which the state court action is now pending and, therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. § 89(b), 28 U.S.C. § 1441(a).

11. If any question arises as to the propriety of the removal of this action, Reynolds requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

12. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any Defendant's right to assert any defense or affirmative matter including, without limitation, the defenses of (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) failure to state a claim; or (5) any other procedural or substantive defense available under state or federal law.

13. The Defendants request a trial by jury on all issues so triable.

WHEREFORE, Defendant R. J. Reynolds Tobacco Company, with consent of all Defendants, hereby removes this matter from the Georgetown County Court of Common Pleas to the United States District Court for the District of South Carolina, Charleston Division, based upon diversity of citizenship and satisfaction of the jurisdictional amount in controversy. 28 U.S.C. §§ 1332, 1441, and 1446.

CHARLESTON, SC

November 29, 2006

                         <u>s/Wade H. Logan, III</u>
                         Wade H. Logan, III  (#2713)
                         NELSON, MULLINS, RILEY &
                             SCARBOROUGH, L.L.P.
                         Liberty Center – Sixth Floor
                         151 Meeting Street
                         Charleston, SC   29401
                         Phone:  (843) 853-5200
                         Fax:  (843) 722-8700
                         Email:  wade.logan@nelsonmullins.com

                         ATTORNEYS FOR DEFENDANT
                         R.J. REYNOLDS TOBACCO COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of November, 2006, I have served the above Defendant's Notice of Removal by U.S. mail, addressed as follows:

**Attorneys for Plaintiff:**
J. Edward Bell, III, Esquire
C. Carter Elliott, Jr., Esquire
LAW OFFICES OF J. EDWARD BELL, III, LLC
P.O. Box 2590
232 King Street
Georgetown, SC  29440

John M. Prosser, Jr., Esquire
THE PROSSER LAW FIRM
P.O. Drawer 779
Johnsonville, SC  29555

**Attorneys for Defendant Philip Morris USA, Inc.:**
Henry B. Smythe, Jr., Esquire
BUIST MOORE SMYTHE & McGEE, PA
P.O. Box 999
Charleston, SC  29402

Gregory G. Little, Esquire
Catherine B. Stevens, Esquire
HUNTON & WILLIAMS
200 Park Avenue
New York, NY  10166-0091

s/Wade H. Logan, III
Attorney for R.J. Reynolds Tobacco Company