# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

|  |  |
|---|---|
| Robin Cribb Aldana, individually and as Personal Representative for the Estate of Dolly Lucille Cribb, | |
| Plaintiff, | Civil Action No.: 2:06-3366-CWH |
| vs. | |
| RJ Reynolds Tobacco Company, Phillip Morris, USA, | **ORDER** |
| Defendants. | |

The plaintiff has brought this action against the defendants for the death of Lucille Cribb, which resulted from lung cancer, emphysema, airway obstruction, cell damage, genetic changes in lung and airway cells, cardiovascular injuries, and other maladies. On October 12, 2007, the Court dismissed the plaintiff's claims for products liability and negligence, holding that the defendants' cigarette products are not defective and unreasonably dangerous because their warnings were adequate as a matter of law. This matter is before the court on the plaintiff's motion to reconsider said ruling. The plaintiff claims that an adequate warning does not preclude a product from being defective and unreasonably dangerous.

South Carolina has adopted verbatim § 402A of the Restatement of Torts, Second. S.C. Code Ann. § 15-79-10; *see also* Curcio v. Caterpillar, Inc., 543 S.E.2d 264, 272 (S.C. Ct. App., 2001) *rev'd* 585 S.E.2d 272 (S.C. 2003) (holding that a warning's adequacy is a question of fact for the jury). The comments to § 402A have been incorporated by reference. S.C. Code Ann. 15-73-30. Comment j provides:

> j. Directions or warning. In order to prevent the product from being unreasonably dangerous, the seller may be required to give directions or warning, on the container, as to its use. The seller may reasonably assume that those with common allergies, as for example to eggs or strawberries, will be aware of them, and he is not required to warn against them. Where, however, the product contains an ingredient to which a substantial number of the population are allergic, and the ingredient is one whose danger is not generally known, or if known is one which the consumer would reasonably not expect to find in the product, the seller is required to give warning against it, if he has knowledge, or by the application of reasonable, developed human skill and foresight should have knowledge, of the presence of the ingredient and the danger. Likewise in the case of poisonous drugs, or those unduly dangerous for other reasons, warning as to use may be required.
> But a seller is not required to warn with respect to products, or ingredients in them, which are only dangerous, or potentially so, when consumed in excessive quantity, or over a long period of time, when the danger, or potentiality of danger, is generally known and recognized. Again the dangers of alcoholic beverages are an example, as are also those of foods containing such substances as saturated fats, which may over a period of time have a deleterious effect upon the human heart.
> Where a warning is given, the seller may reasonably assume that it will be read and heeded; and a product bearing such a warning, which is safe for use if it is followed, is not in defective condition, nor is it unreasonably dangerous.

First, the plaintiff claims that an adequate warning does not preclude liability for a defective design claim. This argument is without merit. *See* Curcio v. Caterpillar, Inc., 543 S.E.2d 264, 269 n. 10 (S.C. Ct. App. 2001) ("A defendant is not liable for a design defect in a product if the product is accompanied by adequate warnings.").

Second, the plaintiff argues that only those warnings that make the product safe for use can prevent a product from being defective, and in this case, the warnings did not make the defendants' cigarette products safe because the cigarette products caused the decedent's death. In Curcio v. Caterpillar, Inc., a personal representative of a deceased mechanic's estate sued a track-loader manufacturer on claims of negligence and strict liability. After a jury verdict in favor of the plaintiff, the trial court held that the warnings were adequate as a matter of law and

set aside the defective design claim. "In determining that an adequate warning made the loader safe for use in spite of any alleged defects, the trial court relied on comment j to Section 402A of the Restatement (Second) of Torts, as interpreted in Allen." Curcio v. Caterpillar, Inc., 543 S.E.2d at 269. The South Carolina Court of Appeals found no cases from South Carolina that "contradict either comment j or the interpretation of this comment in Allen; therefore, [the court held] that a product is not unreasonably dangerous if accompanied by adequate warnings that, if followed, make the product safe for use." Id. at 269. On the basis of this language, the plaintiff argues that only those adequate warnings that make a product safe prevent the product from being defective or unreasonably dangerous.

This Court is not persuaded that a warning must make a product safe in order to prevent the product from being defective or unreasonably dangerous. In Curcio v. Caterpillar, Inc., the South Carolina Court of Appeals noted that "in a products liability case in which the theory of recovery is strict liability, the only inference of any import to be made from a finding that a given warning is adequate is that the product is not in a defective condition nor is it unreasonably dangerous." Id. at 269. In addition, the court affirmed the following jury charge:

> In order to prevent a product from being unreasonably dangerous, a
> manufacturer may be required to give an adequate warning concerning the
> product regarding its use.
> . . .
> If a warning is required, a product bearing an adequate warning is neither
> defective nor unreasonably dangerous. . . . Where an adequate warning is given,
> the manufacturer may reasonably assume that it will be read and heeded; and a
> product bearing an adequate warning, which is safe for use if followed, is not in
> a defective condition, nor us it unreasonably dangerous.

Id. The Court of Appeals explained that "[r]ead as a whole, then, the charge correctly explained that if the jury found that the product came with adequate warnings, it followed that the product

was neither in a defective condition nor unreasonably dangerous." Id. at 269-70.

In addition, the plaintiff's argument is inconsistent with products liability law in South Carolina. A seller is liable for physical injuries caused by a defective condition unreasonably dangerous to the user when the seller is engaged in the business of selling such a product and the product is expected to and does reach the consumer without substantial change in the condition in which it is sold. S.C. Code Ann. §15-73-10. A product is unreasonably dangerous if the product is more dangerous than the ordinary consumer would expect. Restatement (Second) Torts, §402A, cmt. g. Accordingly, comment j states that "a seller is not required to warn with respect to products, or ingredients in them, which are only dangerous, or potentially so, when consumed in excessive quantity, or over a long period of time, when the danger, or potentiality of danger, is generally known and recognized." Restatement (Second) of Torts, §402A cmt. j (1965). Products liability law recognizes the give and take between safety and utility. "It may appear at first blush that warnings are not necessary where the product is properly manufactured, but this is not necessarily true. A product, may by reason of its nature and use, be unreasonably dangerous unless proper instructions and warnings are supplied for its intended use. Many products cannot be made completely safe for use. However, such products may be useful and desirable." Claytor v. Gen. Motors Corp., 286 S.E.2d 129, 132 (S.C. 1982); *see also* Restatement (Second) Torts, §402A cmt. k (1965).

The Court has considered the plaintiff's explanation of the Restatement (Third) of Torts and law from other jurisdictions, and the Court concludes that such law is not persuasive because it is not the law of South Carolina. *See* Curcio v. Caterpillar, Inc., 543 S.E.2d 264, 268 (S.C. Ct. App. 2001) (declining the plaintiff's invitation to adopt the Restatement (Third) of Torts).

The law of South Carolina is that an adequate warning prevents a product from being defective and unreasonable dangerous. The plaintiff's motion for reconsideration is denied.

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
UNITED STATES DISTRICT COURT JUDGE

April 25, 2008
Charleston, South Carolina